UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LANDON A. WHITFIELD,<br><br>    Petitioner,<br><br>v.<br><br>DANIEL SPROUL,<br><br>    Respondent. | Case No. 3:23-cv-02687-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The petitioner, Landon Whitfield, filed his petition on August 3, 2023. Whitfield challenges the calculation of his sentence and argues that he has been unjustly denied time credit under the First Step Act. 18 U.S.C. § 3632. Being duly advised in the premises having fully considered the issues and arguments raised, the Court **DENIES** the petition.

On June 28, 2021, Whitfield pled guilty to one count of possession with intent to distribute fentanyl and one count of possession of a firearm in furtherance of a drug trafficking crime. (Case No. 19-cr-946-RLW (E.D. Mo.)). He was subsequently sentenced to 24 months and 60 months on each count, respectively, to be served consecutively.

On August 3, 2023, 27 months into his sentence, Whitfield filed a habeas petition arguing that he had been unjustly denied First Step Act ("FSA") time credit. As Whitfield acknowledges, by statute, he is ineligible for FSA time credit for his 60-month sentence for possession of a firearm in furtherance of a drug trafficking crime. *See* 18 U.S.C. § 3632(d)(4)(A)-(C). However, Whitfield believes that he should still be eligible to receive FSA time credit for his 24-month offense of possessing with intent to distribute fentanyl.

On February 29, 2024, Sproul responded opposing the petition. Sproul argues that Whitfield is ineligible for FSA credit.

When an inmate believes the BOP is computing their sentence incorrectly, they may challenge their confinement by filing a § 2241 petition. *United States v. Walker*, 917 F.3d 989, 994 (7th Cir. 2019) (noting inmate may challenge the computation of his sentence by a § 2241 petition after first seeking relief through the BOP's administrative procedures); *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992); *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992); *United States v. Dawson*, 545 F. App'x 539, 541-42 (7th Cir. 2013)

However, a petitioner must exhaust his administrative remedies before filing a § 2241 petition. This is a common-law exhaustion requirement, not a statutory one. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). The Court may require it before it entertains a § 2241 petition. *Sanchez v. Miller*, 792 F.2d 694, 699 (7th Cir. 1986) (holding that "a federal prisoner challenging a disciplinary decision within the federal institution must exhaust his administrative remedies before seeking federal habeas relief"); *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992) (same with respect to sentence computation). Because the exhaustion requirement was not imposed by Congress, the Court can excuse the requirement if, *inter alia*, requiring exhaustion would cause undue delay, or alternatively, if the requiring exhaustion would be futile because the agency has predetermined the issue. *See Davis v. Spoden*, 2009 U.S. Dist. LEXIS 7349 *4 (2009) (citing *Iddir v. INS*, 301 F.3d 492, 498 (2002)). The BOP's Administrative Remedy Program for an inmate's issue "relating to any aspect of his/her own confinement" is set forth in 28 C.F.R. § 542.10 *et seq.* To challenge a BOP sentence computation, the inmate should first try to resolve the issue informally with prison staff and then proceed through multiple appeals first. 28 C.F.R. § 542.13.

Here, Whitfield has exhausted his administrative remedies. Therefore, the Court will examine his claims on the merits.

There are a variety of different time credits inmates can receive that ultimately reduce their length of incarceration or supervised release. Under the First Step Act, inmates can receive time credit for participating in evidence-based recidivism reduction programs ("EBBR"). 18 U.S.C. § 3632(d)(4)(A)(i)-(ii); 28 C.F.R § 523.41(a), (c). How much FSA time credit an inmate receives for participating in these programs is governed by whether they are at a minimum, low, medium or high risk of recidivism; the lower the risk of recidivism, the higher the ratio of time credit earned per day of eligibility.

However, FSA Time Credits do not apply to every sentence. Congress carved out certain exceptions to the time credit provisions of the FSA, specifically "[18 U.S.C. §] 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii). Therefore, a sentence for violating § 924(c) under those circumstances is ineligible for time credit under the FSA.

Consecutive sentences are considered one long sentence. 18 U.S.C. § 3584(c). The question then arises whether a sentence for an offense covered by the FSA and an offense excluded from the FSA, when stacked consecutively, renders the whole sentence excluded, or only part of the sentence; and whether the sentence is eligible for time credit.

In *United States v. Hudson*, the Seventh Circuit determined that so long as *at least one* of the defendant's offenses was covered by the FSA, a court had discretion to reduce the whole sentence accordingly—regardless of whether the reduction would reduce time for a non-covered offense. 967 F. 3d 605, 611 (7th Cir. 2020). The *Hudson* court reasoned that, because consecutive sentenced are deemed to be aggregated, asking whether one of the offenses is

covered by the FSA is merely step one of the analysis—it only determines eligibility. If at least one offense is covered, then the entire sentence is eligible for a reduction—a rising tide lifts all ships.

However, contrary to what Whitfield believes, the implications of *Hudson* cut against his argument. By finding that one covered offense makes an entire sentence eligible, the Seventh Circuit affirmed that a defendant's sentence is one aggregate sentence, made up of component sentences, but ultimately a singular sentence. *Id.* If one covered offense makes an entire sentence eligible, then an offense that is *explicitly excluded* from receiving time credit makes the entire sentence ineligible. To demonstrate with another idiom: one bad apple spoils the barrel. Because Whitfield is serving a sentence for an offense covered by the FSA, and an offense explicitly excluded from time credit; Whitfield's *entire sentence* may be considered "covered" by the FSA, but that sentence is also ineligible for FSA time credit. Phrased in idiomatic terms, a spoiled barrel, rising tide or not, is still a spoiled barrel.

Therefore, Whitfield's sentence is ineligible for FSA time credit and the Bureau of Prisons correctly denied Whitfield's request for FSA time credit on his sentence.

## CONCLUSION

Finding that Whitfield's sentence is ineligible for time credit under the First Step Act, the Court **DENIES** his § 2241 petition. (Doc. 1).

IT IS SO ORDERED.
DATED:  October 7, 2024

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**